```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
JOSEPH LAWRENCE,
                                :
                Plaintiff,          REPORT & RECOMMENDATION
                                :
         -against-                  05 Civ. 9446 (PKC)(MHD)
                                :
DEPUTY MOORES and OFFICER
JANE DOE,                       :

                Defendant.      :
-------------------------------x
```

TO THE HONORABLE P. KEVIN CASTEL, U.S.D.J.:

Plaintiff Joseph Lawrence commenced this pro se lawsuit by filing a complaint on November 7, 2005, at a time when he was an inmate in the New York City Correctional system. In the complaint he named one identified defendant, referred to as Deputy Moores, and also included a Jane Doe defendant.

Plaintiff initially sought to serve the complaint on "Deputy Warden Moores." As reflected in the docket sheet and according to a United States Marshal's USM-285, plaintiff's instruction to serve a "Deputy Warden Moores" failed because the Department of Corrections had no one listed in its database who corresponded to that name and title. The New York City Law Department subsequently advised us that the only Corrections person at the pertinent time with a name similar to Moores was Assistant Deputy Commissioner Daryo Moore. We advised plaintiff of this information by order

1

dated March 21, 2006, and informed him that he was to fill out an appropriate service form to accomplish service on that individual if he believed that Assistant Deputy Commissioner Moore was the person whom he in fact intended to name as a defendant. We further directed that the Pro Se Clerk provide the necessary service forms to plaintiff and ordered him to arrange for service by April 30, 2006.[1]

Plaintiff failed to provide the service forms to the United States Marshal. As a result, on October 11, 2006 we issued an order noting plaintiff's default and directing him to show good cause by October 31, 2006 for his failure to serve the defendants. We also noted that a failure by plaintiff to respond as ordered could lead to the dismissal of his complaint.

Plaintiff failed to comply with this order. Finally, by letter request on March 19, 2007, the New York City Law Department requested that the court dismiss the complaint under Rule 41(b) for failure to prosecute. (March 19, 2007 Letter to the Ct. from Ass't Corp. Counsel Genevieve Nelson).  We directed that plaintiff respond to that request by March 26, 2007. (Order dated March 19,

---

[1] Plaintiff also attempted to serve a defendant under the pseudonym Jane Doe. This effort was also unsuccessful since the United States Marshal had no way of determining the real name of the intended defendant.

2007). Predictably, no response has been received.

The Law Department has advised us that it did have one contact in the interim with a person purporting to be the plaintiff. On March 29, 2007 a man came to the Law Department and left a telephone number at which he could be contacted. The Assistant Corporation Counsel advised him at the time that the City had requested dismissal of the complaint and that it had mailed a copy to the plaintiff at his correct address. She further told the man that he should contact the court about the matter. (March 30, 2007 Letter to the Ct. from Ass't Corp. Counsel Caroline Chen). He has not done so. Moreover, letters sent to his last know address by defendants' counsel have been returned with the notation "Return to Sender, Refused, Unable to Forward." (April 27, 2007 Letter to the Ct. from Ass't Corp. Counsel Caroline Chen).

Under the terms of Rule 4(m), the plaintiff is required to serve the defendants within 120 days after the filing of the complaint, and his failure to do so will ordinarily trigger a dismissal without prejudice absent a showing of good cause for the lack of service. See, e.g., Bogle-Assegai v. Connecticut, 470 F. 3d 498, 508-09 (2d Cir. 2006). In this case plaintiff initially sought to serve the one named defendant, but that effort was unsuccessful because of plaintiff's error as to the name of his defendant. Since

3

that time, however, plaintiff has been given ample opportunity to arrange for service of process and a plenitude of warnings about the consequences of a failure to do so, and he has failed to act. Indeed, despite repeated warnings by the court we have received no subsequent communications from him. In sum, based on the prolonged failure of the plaintiff to serve the one named defendant in this case despite having been provided with his correct name and title and his violation of court orders relating to that failure, we conclude that dismissal is appropriate.

## CONCLUSION

For the reasons noted, we recommend that, pursuant to Fed. R. Civ. P. 4(m), the complaint be dismissed without prejudice.

Dated: New York, New York
       April 30, 2007

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

4

Copies of the foregoing Report and Recommendation have been mailed today to:

Mr. Joseph Lawrence
c/o Marlina Wardrett
2970 West 27th Street
Apt. 2110
Brooklyn, New York 11224

Caroline Chen, Esq.
Assistant Corporation Counsel
   for the city of New York
100 Church Street
New York, New York 10007